IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL M. DIAZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 4:13-cv-1242 |
| | § | |
| FELIPE SANDOVAL CASTRO | § | |
| d/b/a CASTRO CONTRACTORS | § | |
| | § | |
| Defendant. | § | |

_____

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**
_____

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW Defendant Felipe Castro d/b/a Castro Contractors ("Castro" or "Defendant"), and files this Motion to Dismiss Plaintiff Daniel Diaz's ("Diaz" or "Plaintiff") Original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), and would respectfully show the Court as follows:

A. Background

1. On April 30, 2013, Diaz filed this action (DOC 1), allegedly against his former employer Castro, seeking unpaid overtime wages, attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). On August 16, 2013, Castro answered by denying the claim, and specifically denying the applicability of the FLSA to the Plaintiff's intra-state work, among other defenses (DOC 7). In reviewing Diaz's time records, it was determined that even if the FLSA applied, the overall value of his claim was very small. Accordingly, on

October 15, 2013, in accordance with FED. R. CIV. P. 68, Castro extended an unequivocal Offer of Judgment ("the Offer") to Diaz.[1] That Offer provided him with complete relief for any and all of his alleged damages, fees, and costs (and then some).[2] Diaz failed to accept the offer, instead choosing to file a motion for conditional certification (DOC 12),[3] and therefore effectively rejected the Offer.[4]

2. Consequently, Diaz no longer has a personal stake or legally cognizable interest in the outcome of this action, a prerequisite to this Court's subject matter jurisdiction under Article III of the United States Constitution. As a result, this Court should dismiss his claims pursuant to FED. R. CIV. P. 12(b)(1).

3. Additionally, as clarified by the Supreme Court in *Genesis Healthcare Corporation, et. al, v. Symczyk*, ___ U.S. ___, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013) (slip copy attached hereto), Diaz's suit on behalf of other "similarly situated" employees is also not justiciable.

## B. Argument

4. A court must dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) where it lacks the statutory or constitutional power to adjudicate the case. *Home*

---

[1] *See* Exhibit A (Offer of Judgment).
[2] In calculating the offer amount, and solely for that purpose, Defendant made every assumption in Diaz's favor. The undisputed time records (Exhibit B) show the hours worked in each work week by Diaz, the pay rate, and that Diaz was paid for the hours worked. The only dispute in this case is whether or not Diaz was entitled to "overtime pay", i.e. time and a half, for hours worked in excess of 40 hours per week. Regardless, in the Offer, Defendant gave Diaz credit for full (double) liquidated damages under the FLSA. Within these parameters and based on Diaz's time records, Defendant calculated his maximum possible recovery in this litigation to be $771. This amount doubled (liquidated damages under the FLSA) is $1,542.00. *See* Exhibit C (Summary of hours if overtime pay is required).
[3] Attached to Plaintiff's Motion for Conditional Class Certification as Exhibit A is the Declaration of Daniel Diaz confirming that he "got paid regular pay" but "not any extra pay (overtime)…". Exhibit B to the same motion appears to be a selection of Mr. Diaz's pay stubs, which are not in dispute.
[4] Diaz had fourteen (14) days to accept Defendant's Offer. *See* FED. R. CIV. P. 68(a).

*Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998).

5.      Article III of the United States Constitution limits the jurisdiction of federal courts to "actual cases and controversies." U.S. Const. Art. III Sec. 2; *Flast v. Cohen*, 392 U.S. 83, 94-95 (1968). "[N]o justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments." *Flast*, 392 U.S. at 95.  As the United States Supreme Court recognizes, a defendant's offer to pay the full amount of the plaintiff's potential recovery is such a subsequent development that renders the plaintiff's claim moot because he loses a legally cognizable interest in the outcome of the litigation. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *Lake Coal Co., Inc. v. Roberts & Schaefer Co.*, 474 U.S. 120 (1985) (vacating judgment of lower court and remanding with instructions to dismiss case as moot when there was a "complete settlement of the underlying causes of action").  Thus, once a defendant makes such an offer, the district court loses subject-matter jurisdiction over the plaintiff's case. *See Jones v. SuperMedia, Inc.*, 281 F.R.D. 282, 286 (N.D. Tex. 2012) (citing *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 921 n. 5 (5th Cir. 2008)); *Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir.1991)) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.") (internal citation omitted); *Brown v. Phila. Hous. Auth.,* 350 F.3d 338, 343 (3d Cir. 2003) (stating that "[w]hen claims of the named plaintiffs become moot before class certification, dismissal of the action is required.") (quoting *Lusardi v. Xerox Corp.,* 975 F.2d 964, 974 (3d Cir. 1992)).

6.      Where, as here, a defendant offers all that a plaintiff could hope to recover through litigation, the plaintiff loses his personal stake in the litigation and the issues in the

action are no longer considered live. *Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir. 1991) (explaining that "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under *Fed. R. Civ. P. 12(b)(1)*, because he has no remaining stake.") (internal citation omitted); *see also* 13A Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure: Jurisdiction 2d § 3533.2, at 236 (2d ed. 1984) ("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case.").

7.  It is well settled that the mootness doctrine applies with equal force to FLSA collective action overtime cases where a defendant has offered the named plaintiff the full relief sought (even if rejected) and no other parties have opted in to the action. *See Genesis Healthcare Corporation, et. al, v. Symczyk*, ___ U.S. ___, 133 S.Ct. 1523, 1530, 185 L.Ed.2d 636 (2013); s*ee*, *e.g.*, *Louisdor v. Am. Telecomms., Inc.*, 540 F. Supp. 2d 368, 373-74 (E.D.N.Y. 2008) (finding that a Rule 68 Offer of Judgment mooted plaintiff's FLSA claims); *Darboe v. Goodwill Industs. of Greater N.Y. & Northern NJ, Inc.*, 485 F. Supp. 2d 221 (E.D.N.Y. 2007) (same); *Ward v. Bank of N.Y.*, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006) (granting motion to dismiss FLSA claims as moot because defendant's Rule 68 offer provided more than plaintiff could recover at trial); *Vogel v. Am. Kiosk Mgmt.*, 371 F. Supp. 2d 122, 128 (D. Conn. 2005) (holding offer of judgment exceeding plaintiff's potential recovery mooted individual claims under the FLSA even though he did not accept the offer); *Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003) (concluding offer of judgment in excess of amount plaintiff could recover in FLSA suit mooted case); *Holcomb v. Mortgage House, Inc.*, C.A. No. 6:06-cv-45-Orl-22DAB, 2007 U.S. Dist. LEXIS 6132 (M.D. Fla. Jan. 13, 2007) (finding FLSA claim mooted by offer of judgment in full amount of potential recovery); *Thomas v. Interland,*

*Inc.*, C.A. No. 1:02-cv-3175-CC, 2003 U.S. Dist. LEXIS 27664 (N.D. Ga. Aug. 25, 2003) (dismissing wage and overtime claims as moot).

8. In those circumstances where an Offer of Judgment is made to the only participating plaintiff(s), subject matter jurisdiction ceases to exist and the case is properly dismissed because "'there is no justification for taking the time of the court and the defendant in the pursuit of [a] minuscule individual claim[ ] which defendant has . . . satisfied.'" *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000)(citation omitted) (alteration in original); *see also Briggs v. Arthur T. Mott Real Estate, LLC,* C.A. No. 06-0648, 2006 U.S. Dist. LEXIS 82891, at * 2 (E.D.N.Y. Nov. 14, 2006) (recognizing that when case lacks legally cognizable interest, court must dismiss it for lack of subject matter jurisdiction).

9. As the Supreme Court stated, "we conclude that respondent has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness. Respondent's suit was, therefore, appropriately dismissed for lack of subject-matter jurisdiction. *Genesis Healthcare Corporation, et. al, v. Symczyk*, ___ U.S. ___, 133 S.Ct. 1523, 1532, 185 L.Ed.2d 636 (2013). Like Ms. Symczyk, the claims of Diaz in this suit have become moot and this case must be dismissed for lack of subject-matter jurisdiction.

## C. Conclusion

Defendant's Rule 68 Offer of Judgment providing Diaz with complete relief for his claims, and then some, mooted this case. As a result, this Court no longer has subject-matter jurisdiction over it.

    Respectfully submitted,

    **PAGEL, DAVIS & HILL, P.C.**

                                                                      _/s/ Michael A. Harris_____
DENNIS A. MCQUEEN
State Bar No. 00784581
MICHAEL A. HARRIS
State Bar No. 24046030
1415 Louisiana Street, 22nd Floor
Houston, Texas 77002
Telephone:     713-951-0160
Facsimile:     713-951-0662
**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of November, 2013, a true and correct copy of the foregoing was served upon the following counsel via ECF:

John Lipps/Joe Williams
The Law Offices of Joe M. Williams & Associates PLLC
810 Highway 6 South, Suite 111
Houston, Texas 77079
Attorney for Plaintiff

        /s/ Michael A. Harris
      MICHAEL A. HARRIS